FILED

2019 Oct-24  PM 05:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

**FILED**

OCT 22 2019

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.** |
| | ) | **5:19-cr-390-ACA-GMB** |
| | ) | |
| **JOSHUA TAYLOR HOLCOMB** | ) | |

### PLEA AGREEMENT

The Government and defendant hereby acknowledge the following plea agreement in this case:

### PLEA

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Indictment filed in the above-captioned matter; (ii) consent to an order of forfeiture as described below; and (iii) pay restitution for the full extent of his conduct, relating to the count of conviction and any dismissed charges.   In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss Count Two after sentencing and recommend the disposition specified below, subject to the conditions in paragraphs **VII and VIII**.

Defendant's Initials JTH

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2), as charged in **COUNT ONE**, is:

a. Imprisonment for not more than TWENTY years;

b. A fine of not more than $250,000;

c. Both (a and b);

d. Supervised release of not less than FIVE years and not more than LIFE;

e. A mandatory Special Assessment Fee of $100 per count under 18 U.S.C. § 3013;

f. An additional mandatory assessment of $5,000 per count under 18 U.S.C. § 3014, if the defendant is non-indigent;

g. Registration as a sex offender under the Sex Offender Registration and Notification Act;

### II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

Defendant's Initials _JTH_

On April 21, 2018, Special Agent Katherine Stewart, Alabama Law Enforcement Agency ("ALEA"), conducted an undercover Internet Peer-to-Peer file sharing investigation and identified a computer in Alabama that was offering to participate in the distribution of child pornography. During the investigation, SA Stewart successfully downloaded a video file of suspected child pornography from a device at IP address 68.113.87.150 ("Suspect IP address"). The video file is described as:

> File Name: [PTHC – Kingpass – Hussyfan] Mary 7Yo Arab Girl.mpg
> Description: This is a video file depicting a prepubescent female child, approximately 6 years of age, performing oral sex on an adult male's penis. The child is nude except for a pair of fishnet stockings. The child is later observed positioned on her back, her legs spread apart, with the male fondling her genital area as he masturbates. The male ejaculates on a towel which is positioned between the child's legs. The video is approximately 14 minutes 10 seconds in length.

After learning that the Suspect IP address was registered to Charter Communications, ALEA obtained a subpoena for subscriber information associated with said IP address. Charter Communications revealed that the Suspect IP address was registered to the defendant's address from October 17, 2017 to present. On June 22, 2018, a search warrant was obtained for this residence.

On June 25, 2018, the search warrant was executed on the residence and agents identified two (2) individuals currently residing there – Joshua Taylor Holcomb ("defendant") and J.P. Both men were *Mirandized* and agreed to speak

Defendant's Initials JTH

with agents.

J.P. stated that he worked with the defendant and that he had been renting a room at the residence since November 2017.   J.P. denied ever looking at or searching for child pornography.

The defendant admitted to downloading child pornography and informed the agent that child pornography would be located on his laptop and a thumb drive.   The defendant informed the agent where the thumb drive was located in the residence and in what folder the child pornography would be located on his laptop.   The defendant further admitted that he had been downloading and looking at child pornography for years; however, he stated he hasn't downloaded anything in over a year.

The defendant stated that the last time he looked at the child pornography was a couple of days ago.   He stated that it's not the children that interested him but it was that it was "exotic and forbidden" that excited him.   The defendant stated he did masturbate while looking at the images and videos and that he did feel bad about it afterwards.

Even though he knew that BitTorrent is a shared program, the defendant stated that he has never shared child pornography.   He stated that he turned the sharing feature off.   The defendant admitted that he had searched for torrents and had used

Defendant's Initials JTH

the terms "PTHC"[1], "PTSC"[2], and a number and "yo" to search for a certain age.

Five digital devices and/or media were seized as a result of the search warrant executed on the defendant's residence in Scottsboro. A forensic examination resulted in child pornography being found on two of those devices which totaled 2,783 images of child pornography (including infants and bondage) and 351 videos (also including infants and bondage). The devices and an image or video from each device are as follows:

1. Dell laptop ID 3151105302433, which contained image:

   Description: This is a video file approximately 2 minutes and 1 second in length. The video depicts a pre-pubescent female, approximately 5 years of age, bound at the ankles with her legs raised and spread apart. A male's erect penis is penetrating the child's vagina and anus. The male also penetrates the child's vagina with his finger.

2. PNY 2.0 USB thumb drive, which contained image:

   Description: This is an image file depicting a female child, approximately 1-2 years of age, nude with her breasts and genitals exposed. The child is positioned on her back with her legs spread apart. A male's erect penis is observed between the child's legs. There is what appears to be ejaculatory

---

1 Pre-teen hard core.

2 Pre-teen soft core.

Defendant's Initials JIH

on the child's body.

A submission to NCMEC of 5,849 hash values[3] was made through the Law Enforcement Service Portal for an initial hash value comparison.   The results summary indicated the following:

- Identified Child:   640

- Recognized Hash Values[4]:   2,402

- Unrecognized Hash Values[5]:   2,807

The Dell laptop was manufactured in China.    PNY products are manufactured in New Jersey.  The Internet is an instrumentality of interstate commerce. *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004).

The defendant expressly admits that he knowingly possessed child pornography which had been transported in interstate or foreign commerce, including by computer.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the**

---

3 Hash values can be thought of as fingerprints for files.   The contents of a file are processed through a cryptographic algorithm, and a unique numerical value (the hash value) is produced that identifies the contents of the file.

4 These exact hash values are associated with files previously submitted to NCMEC's Child Recognition and Identification System.

5 These exact hash values are associated with images/videos that have not yet been submitted to NCMEC's Child Recognition and Identification System.

Defendant's Initials JTH

defendant's sentence. **The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

*Joshua Taylor Holcomb*

**JOSHUA TAYLOR HOLCOMB**

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the Government will recommend the following disposition:

a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term within the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced, and after both parties have had full right of allocution;

c) That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as

Defendant's Initials JTH

set forth in U.S.S.G § 5D1.3, and to the following special conditions:

1. That the defendant be required to be registered as a sex offender for the full term of his supervised release or for the full term provided for under the law of the jurisdiction he chooses as his domicile, whichever is longer;

2. That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer. This includes prohibiting the defendant from having any contact with any child by telephone or the Internet. The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

3. That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and plethysmography testing at the direction of the Probation Officer;

4. That the defendant participate and successfully complete an approved state-certified sex offender treatment

Defendant's Initials *JTH*

program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The defendant shall contribute to the cost of treatment according to the defendant's ability to pay; and

5. That the defendant be prohibited from using any computer, or any other device (including a cell phone), with Internet access, unless approved in advance by the Probation Officer, or required for employment. If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device (including a cell phone) that the defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough

Defendant's Initials _JJH_

inspection. The defendant shall not possess or use any data encryption technique or program. According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer.

d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

e) That the defendant be required to pay restitution in an amount to be determined by the Court;

f) That the defendant pay a special assessment fee of $200, said $100 amount due and owing as of the date sentence is pronounced, and an additional special assessment fee of $10,000 5,000 if he is non-indigent;

g) Should the Government learn that the defendant has sexually abused or assaulted any minor or committed any other crime of violence or if any other victim should come forward prior to the

Defendant's Initials JTH

defendant's sentencing, this agreement is considered **NULL AND VOID.**

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, **JOSHUA TAYLOR HOLCOMB, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).**

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

> (a)   Any sentence imposed in excess of the applicable statutory maximum sentence(s);

Defendant's Initials ___JTH___

    **(b)**    **Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and**

    **(c)**    **Any claims of ineffective assistance of counsel.**

**The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction.   The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.**

**I, JOSHUA TAYLOR HOLCOMB, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

*Joshua Taylor Holcomb*
_____
**JOSHUA TAYLOR HOLCOMB**

## V. <u>UNITED STATES SENTENCING GUIDELINES</u>

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in <u>United States v. Booker</u>, the federal sentencing guidelines are **advisory** in nature.   Sentencing is in the Court's discretion and is no

Defendant's Initials *JTH*

longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become **NULL and VOID.** In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

Defendant's Initials JTH

## VIII. SUBSEQUENT CONDUCT

The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in this Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in his sole discretion.

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The

Defendant's Initials _JTH_

defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful.   Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

Pursuant to USSG § 1B1.2(c) and as part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and to the commission of additional offenses as well as relevant conduct for any other acts. As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts.   The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines.   The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct.   This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct.   Additionally, if this agreement contains   any   provisions providing for the dismissal of any counts, the defendant agrees to pay any

Defendant's Initials JTH

appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XII.  TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

### Immigration

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

Defendant's Initials ꓕꓔꓵꓔ

**Forfeiture**

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest.   The defendant agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant.   The defendant agrees to consent to the immediate entry of a final forfeiture judgment against him, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all property involved in or used in the commission of the offenses in the Indictment including the following: Dell laptop ID 3151105302433 and PNY 2.0 USB thumb drive.

For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between the property listed above and the criminal offense(s) to which the defendant is pleading guilty.

The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding.   The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant also waives the

Defendant's Initials _JTH_

requirements of Federal Rules of Criminal Procedure 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

### Non-Abatement of Criminal Forfeiture

The defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The

Defendant's Initials _JTH_

forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.   To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

## XIII.   SEX-OFFENDER REGISTRATION

The defendant understands that by pleading guilty, the defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to Title 18 U.S.C. § 3583(d) and this Plea Agreement. The defendant also understands that, independent of supervised release, he will be subject to federal and state sex-offender-registrant requirements, and that those requirements may apply throughout his life and may be initiated by the entering of his plea of guilty or a finding of guilt, regardless of whether a sentence has been imposed or adjudication has been withheld.   The defendant understands that he shall keep his registration current, shall notify the state sex-offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information.   The defendant shall comply with

Defendant's Initials _JTH_

requirements to periodically verify in person his sex-offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex-offender registration requirements. If he resides in Alabama prior to incarceration or following release from prison, he will be subject to the registration requirements of Alabama Code §§ 15-20A-1, et seq., 13A-11-200, et seq., and other relevant Alabama law, which includes a registration requirement after a plea of finding of guilt. The defendant further understands that, under Title 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

## XIV. **DEFENDANT'S UNDERSTANDING**

I have read and understand the provisions of this agreement consisting of **22 (twenty-two)** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to

Defendant's Initials _JTH_

the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:   *Celexa*

[if none, state "NONE" or "N/A"]

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

10/6/2019
DATE

*Joshua Taylor Holcomb*
JOSHUA TAYLOR HOLCOMB
DEFENDANT

Defendant's Initials JTH

## XV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.  My client has conveyed to me that my client understands this Agreement and consents to all its terms.  I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment.  I concur in the entry of the plea on the terms and conditions set forth herein.

10 / 6 / 2019
DATE

LATASHA MCCRARY
DEFENSE COUNSEL

## XVI. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JAY E. TOWN
United States Attorney

10/22/19
DATE

R. LEANN WHITE
ASSISTANT UNITED STATES ATTORNEY

Page 22 of 22

Defendant's Initials JTH